## AFFIDAVIT IN SUPPORT OF A COMPLAINT

SIDNEY GUILLIANO RATON
DOB: XX/XX/76

I, John Thomas Mazzuchi, having been duly sworn, hereby depose and state:

    1. I am employed as a Special Agent of the United States Department of State, Diplomatic Security Service and am assigned to the Washington Field Office in Dunn Loring, Virginia. I have been employed as a Special Agent for four months. My duties include investigation of passport and visa fraud. I am a graduate from the Criminal Investigators Training Program at the Federal Law Enforcement Training Center, Brunswick, Georgia and the Basic Special Agent Course at the Diplomatic Security Training Center, Dunn Loring Virginia. The information contained in this affidavit is based upon Affiant's personal knowledge in addition to information provided to Affiant by other law enforcement officials. This affidavit does not contain every material fact that I have learned during the course of this investigation; however, no information known to me that would tend to negate probable cause has been withheld from this affidavit.

    2. This statement of facts is made in support of a complaint against SIDNEY GUILLIANO RATON, DOB: 01/30/76, for violations of Title 18, United States Code, Sections 1542 (false statement in application of a passport).

    3. On 04/21/05 an individual identifying himself as MARIO GERALD CHERRY, born 01/17/82 in Orange Township, New Jersey, executed a DS-11 (application for a U.S. passport) at the Washington D.C. Passport Office, 1111 19th Street Washington, District of Columbia. For proof of identity and citizenship the individual who claimed to be MARIO GERALD CHERRY (hereafter referred to as SUBJECT) presented a Maryland Driver's license ▮▮▮▮▮▮▮▮▮▮ issued 04/09/05 and a City of Orange Township New Jersey birth certificate 11449 issued 08/18/97. On the DS-11, SUBJECT claimed that his social security number was ▮▮▮▮▮▮. The DS-11 bore the photograph resembling the individual identifying himself as MARIO GERALD CHERRY.

    4. The SUBJECT swore an oath before Lisa ANDERSON, Passport Specialist, who is authorized to accept passport applications, that all of the information on the DS-11 (passport application) was true and correct. The SUBJECT then signed in block 23 of the application.

    5. The Washington D.C. Passport Office Fraud Prevention Manager forwarded SUBJECT'S DS-11 as a suspected case of fraud to the Diplomatic Security Service Washington Field Office (WFO) due to numerous fraud indicators. The case was assigned to your Affiant and a criminal investigation was begun.

    6. The DS-11 application showed a mailing address of 6589 Overheart Lane, Columbia, Maryland, an emergency contact listed as Esther DURAND, and mother's maiden

name as Jeanty, EMILIE. This same information was provided on 03/18/05 on a separate DS-11 application submitted by an individual claiming to be SIDNEY GUILLIANO RATON. The photographs on the applications, although very similar, are of different individuals. The two DS-11 applications in question bore other similarities in handwriting style and both claimed travel plans to Spain. Comparison of birth records and database indices revealed that CHERY's true name is MARIO GERALD CHERY and that he and RATON are half-brothers with the same mother Jeanty EMILIE.

7. On 04/18/05 SIDNEY GUILLIANO RATON was sent a letter from the Washington Passport Office notifying him that, based on Section 51.70(a)(8) of Title 22 of the Code of Federal Regulations, he was ineligible to receive Passport services and his application was denied. This was in accordance with the certification of the Secretary of Health and Human Services that RATON was in arrears of child support in excess of $5,000.

8. On 06/02/05 DSS Agents conducted an interview with MARIO GERALD CHERY at his place of work, Fidelity Investment Bank at 6630 Eli Whitney Dr. Columbia, Maryland. When asked to show identification, CHERY presented a Maryland driver's license ▓▓▓▓▓▓▓▓▓▓ issued 04-09-2005, the same one used for the DS11 application. During the interview, CHERY denied ever having applied for a U.S. Passport and implicated his half brother SYDNEY GUILLIANO RATON as the writer and submitter of the DS-11 in question because he knew that his brother wanted to obtain a U.S. Passport and his application had been denied. CHERY stated that RATON had used his driver's license in the past and RATON had requested that CHERY pose for passport photographs weeks earlier. CHERY maintained having no knowledge of what the photos were to be used for. CHERY signed a sworn statement in which he wrote that he had never applied for a U.S. Passport, the photo affixed to the DS 11 application filed on April 5, 2005 is a photograph of him, and the birth certificate submitted with the DS 11 application is his. He further stated that he (CHERY) had no knowledge of RATON doing this.

9. On 06/03/05 DSS Agents interviewed SYDNEY GUILLIANO RATON at Owen Brown Public Library 6600 Cradelrock Way, Columbia, Maryland 21045. RATON presented a Maryland driver license in the name RATON, Sydney Guilliano as identification. RATON confessed to the crime and was willing to provide a sworn statement about the facts. In the statement, RATON admitted that: he had fraudulently submitted the DS-11 with his brother's information because he was trying to go to Ibiza, Spain on vacation, that he could not obtain his own Passport due to his HHS hold for delinquent child-support payments, that he had used his brother's documents and photograph, and that he had forged his brother's signature in block 23 on the DS-11.

10. Based upon the above information, your Affiant has probable cause to believe, and does believe, that SIDNEY GUILLIANO RATON, has violated Title 18, United States Code, Sections 1542, "false statements in an application for a passport" in that he made false statements in an application for a United States passport by representing himself to be MARIO GERALD CHERRY with a social security of ▓▓▓▓▓▓▓▓, born on ▓▓▓▓▓▓▓▓ in Orange Township New Jersey, knowing said statements to be false, and that he willfully and knowingly used a means of identification of another person to aid the unlawful activity with

the intent to secure the issuance of passports and the rules prescribed pursuant to such laws under the authority of the United States.

                                                                                                 _____
                                        John T. Mazzuchi, Special Agent
                                        U.S. Department of State
                                        Diplomatic Security Service

Subscribed and sworn to before me this of\_\_\_\_August, 2005.

                                                                       _____
                                        United States Magistrate Judge